Orlando B. Foote, SBN 031275
Margarita Haugaard, SBN 159199
HORTON, KNOX, CARTER & FOOTE, LLP
1230 Columbia Street, Suite 550
San Diego, CA   92101
Telephone No. (619) 595-0220
Fax No. (619) 595-0225

Attorneys for defendants Veerinder S. Anand,
 Sandhya Anand, and VEERINDER S. ANAND, M.D., INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LAWRENCE TURNER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>VEERINDER S. ANAND;<br>SANDHYA ANAND;<br>VEERINDER S. ANAND, M.D., INC.,<br>a California corporation;<br>and DOES 1-10.<br><br>　　　　　Defendants. | Case No. 14 CV 1147 BAS PCL<br><br>**REPLY BRIEF**<br>IN SUPPORT OF<br>DEFENDANTS'<br>MOTION TO DISMISS<br><br>FRCP 12(b)(1)<br><br>***No Oral Argument***<br>***Unless Requested by the Court***<br><br>Date:  November 17, 2014<br>Honorable Cynthia A. Bashant |

*cover page*

**TABLE OF CONTENTS**

Page

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. RULE 12(b)(1) MOTIONS MAY BE PROPERLY MADE
AS FACTUAL CHALLENGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. PLAINTIFF FAILS TO ESTABLISH
REQUISITE INTENT TO RETURN . . . . . . . . . . . . . . . . . . . . . . . . 4

IV. PLAINTIFF'S ADA CLAIM IS MOOT BECAUSE
ALLEGED BARRIERS HAVE BEEN REMEDIED . . . . . . . . . . . . . 5

V. THE "VOLUNTARY CESSATION" EXCEPTION
TO THE MOOTNESS DOCTRINE IS NOT APPLICABLE . . . . . . . 7

VI. THE ANANDS REMEDIED ALLEGED BARRIERS PLED
IN THE COMPLAINT UPON WHICH THEY HAD FAIR NOTICE . . . 9

VII. CRAS AIMS TO CURB ABUSIVE LAWSUITS . . . . . . . . . . . . . . . . . 9

# TABLE OF AUTHORITIES

Page

## UNITED STATES CONSTITUTION

Article III . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 8

## FEDERAL RULES

**Federal Rule of Civil Procedure**

Rule 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 10

Rule 12(h)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Rule 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## FEDERAL CASE LAW

*Access 4 All, Inc. v. Bamco VI, Inc.*,
 2012 WL 33163 (S.D. Fla. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Careau Grp. v. United Farm Workers of Am., AFL-CIO*,
 940 F.2d 1291 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Chapman v. Chevron Stations, Inc.*,
 2011 WL 4738309 (E.D. Cal. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
 631 F.3d 939 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Chapman v. Starbucks Corp.*,
 2011 WL 66823 (E.D. Cal. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*City of Mesquite v. Aladdin's Castle, Inc.*,
 455 U.S. 283 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Duldulao v. Target Corp.*,
 2012 WL 6008484 (M.D. Fla. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Feezor v. Excel Stockton, LLC*,
 2014 WL 294656 (E.D. Cal. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Feezor v. Sears, Roebuck and Co.*,
 2012 WL 4510950 (E.D. Cal. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Feldman v. Pro Football, Inc.*
 419 F. App'x 381 (4th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

| | |
|---|---|
| *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167 (2000) | 7, 10 |
| *Grove v. De La Cruz,* 407 F. Supp. 2d 1126 (C.D. Cal. 2005) | 7 |
| *Harris v. Stonecrest Care Auto Ctr., LLC,* 472 F. Supp. 2d 1208 (S.D. Cal. 2007) | 5 |
| *Hernandez v. Polanco Enter., Inc.,* 2013 WL 4520253 (N.D. Cal. 2013), | 9 |
| *Houston v. 7-Eleven, Inc.,* 2014 WL 351970 (S.D. Fla. 2014) | 8 |
| *Hubbard v. 7-Eleven, Inc.,* 433 F. Supp. 2d 1134 (S.D. Cal. 2006) | 6 |
| *Iron Arrow Honor Soc'y v. Heckler,* 464 U.S. 67 (1983) | 8 |
| *Jenkins v. United States Gas Corporation,* 400 F.2d 28 (5th Cir. 1968) | 8 |
| *Johnson v. Overlook at Blue Ravine, LLC,* 2012 WL 2993890 (E.D. Cal. 2012) | 5, 10 |
| *Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992) | 5 |
| *Luu v. Ramparts, Inc.,* 926 F. Supp. 2d 1178, 1182-83 (D. Nev. 2013) | 4 |
| *Moeller v. Taco Bell Corp.,* 816 F. Supp. 2d 831 (N.D. Cal. 2011) | 7 |
| *Nat'l Adver. Co. v. City of Miami,* 402 F.3d 1329 (11th Cir. 2005) | 8 |
| *Oliver v. Ralphs Grocery Co.,* 654 F.3d 903 (9th Cir. 2011) | 9 |
| *Roberts v. Corrothers,* 812 F.2d 1173 (9th Cir. 1987) | 2 |
| *Rosales v. United States,* 824 F.2d 799 (9th Cir. 1987) | 2 |
| *Santiago v. Miles,* 774 F.Supp. 755 (W.D.N.Y. 1991) | 8 |
| *Sharp v. Rosa Mexicano, D.C., LLC,* 496 F. Supp. 2d 93 (D.D.C. 2007) | 6 |

*Sheely v. MRI Radiology Network, P.A.,*
 505 F.3d 1173 (11th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Steel Co. v. Citizens for a Better Env't,*
 523 U.S. 83 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc.,*
 711 F.2d 138 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Tandy v. City of Wichita,*
 380 F.3d 1277 (10th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Concentrated Phosphate Export Ass'n,*
 393 U.S. 199 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. W.T. Grant,*
 345 U.S. 629 (1953) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## **CALIFORNIA CASE LAW**

Page

*Modern Dev. Co. v. Navigators Ins. Co.,*
 111 Cal. App. 4th 932 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Munson v. Del Taco, Inc.,*
 46 Cal. 4th 661 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## **CALIFORNIA STATUTES**

**Civil Code**

    Sections 55.51-55.545
    (Construction-Related Accessibility Standards Compliance Act) . . 10

    Sections 55.55-55.57
    (Attorney's Fees and Statutory Damages in CRAS Claims) . . . . . . 10

## I. INTRODUCTION

The Opposition submitted by plaintiff is silent as to all of the cases cited in Defendants' opening brief. Plaintiff does not dispute that the Court cannot or should not retain supplemental jurisdiction if the ADA claim is dismissed.

The Opposition addresses four issues.

First, the Opposition argues that a motion to dismiss is not appropriate on the ground that it is "premature."

Second, Plaintiff's consultant, Paul Bishop, opined that there was a slope in the corner of the disabled-reserved parking space that was "not obvious unless one makes a close inspection." See ECF No. 16-3 at ¶ 14 & ECF No. 16-4 at Plaintiff-Exh-C. And the Opposition states there are "additional problems" (none of which were pled in the Complaint).

Third, the Opposition argues that the "voluntary cessation" exception precludes a finding of mootness.

Fourth, the Opposition argues that the Anands cannot be expected to properly maintain the parking lot.

The cases relied upon in the Opposition are inapposite, factually distinguishable, do not support the points for which offered, or cite parties' positions as if these were the courts' rationales or rulings.

The Opposition also relies upon the Declaration of Plaintiff Turner and six photographs attached thereto. See ECF Nos. 16-1 and 16-2 at Plaintiff-Exh-A through Plaintiff-Exh-F. However, Mr. Turner's Declaration (ECF No. 16-1 at ¶ 2) **contradicts** his deposition testimony. Please see *Exhibit A-Supp* and *Exhibit K*. This raises questions.

As discussed below, the arguments raised in the Opposition do not defeat the Anands' motion to dismiss.

Further, there appears to be some confusion as to who the plaintiff is: whether it is Mr. Turner; or his attorneys.

# II. RULE 12(b)(1) MOTIONS MAY BE PROPERLY MADE AS FACTUAL CHALLENGES

The Opposition argues that the Anands' Rule 12(b)(1) motion to dismiss should be considered under the standards used for Rule 56 motions for summary judgment.

This is an incorrect application for an ADA-barrier case such as this one. As set forth in the Anands' MPA, it is well established under federal law that motions to dismiss which challenge subject-matter jurisdiction may be brought at any time.

> A challenge to the plaintiff's standing to seek injunctive relief is properly brought under Rule 12(b)(1). *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011); *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 955 (9th Cir. 2011). Moreover, "[s]tanding can be reviewed at any time because it is a jurisdictional concern." *Hartman v. Summers*, 120 F.3d 157, 160 n.4 (9th Cir.1997). *Feezor v. Excel Stockton, LLC*, 2014 WL 294656 at *2 (E.D. Cal. 2014).

The cases cited by Plaintiff are inapposite. *Careau Grp. v. United Farm Workers of Am.,* 940 F.2d 1291 (9th Cir. 1991) was a lawsuit by an employer against a union arising from a boycott. *Roberts v. Corrothers,* 812 F.2d 1173 (9th Cir. 1987) was based on an inmate's habeas corpus petition. *Rosales v. United States,* 824 F.2d 799 (9th Cir. 1987) dealt with a medical malpractice action where a child's retardation was allegedly caused by an intrauterine device in place during pregnancy. In *Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc.,* 711 F.2d 138 (9th Cir. 1983), a gas-station operator sued its landlord based on the Petroleum Marketing Practices Act.

It appears that the Opposition bases its argument based on the opinion by Mr. Bishop that the slope in the corner of the **newly-made** parking space exceeded the 2.2% ADA standard. [1]

---

[1] The Anands reserve their rights to object to Mr. Bishop's report, which has been offered before the expert-designation date.

First of all, Plaintiff failed to make any allegation in his Complaint (or at his deposition) about excessive slopes in the parking lot. As Mr. Turner himself admitted at his deposition, the Anands cured the claims he made in his Complaint. And Mr. Turner has evidenced no intent to make another appointment with Dr. Anand, who was one of three doctors who tried to remedy his hand injury in 2013.

Second, as soon as the Anands were put on notice of Mr. Bishop's opinion, steps were immediately taken to correct the slope in the corner of the *new* parking space. See Libsack Declaration, Gonzalez Declaration, and *Exhibits F, G, H, & I*. [2]

Third, the Anands have taken the extra step of having a Certified Access Specialist ("CASp") inspect not only the parking lot which was the subject of the Complaint, *but also* the exterior path of travel, interior spaces, and common areas. After review of the initial CASp report and after consulting with contractors, dates of completion were incorporated into the final CASp inspection report on 09-26-2014, and a CASp Certificate was issued. The property manager has stated under penalty of perjury that the Anands are working toward meeting the completion dates set forth in the CASp inspection report. See Gonzalez Declaration at ¶¶ 3-8 & 12-13 and *Exhibits E, F & G*.

Fourth, the Anands have adopted a policy to maintain the disabled-reserved parking space. See Gonzalez Declaration at ¶ 14 and *Exhibit J*.

Fifth, Mr. Turner and his attorneys are not private attorney generals, and this is not a class action.

The Anands have acted in the utmost good faith, and there is no further injunctive relief that can be ordered.

---

[2] If Plaintiff is unwilling to concede that the slope issue has been fully corrected, then he should make a reliable and genuine offer of proof.

# III. PLAINTIFF FAILS TO ESTABLISH REQUISITE INTENT TO RETURN

Even in ADA cases, in order to have continued standing to seek injunctive relief, a plaintiff must establish an **intent to return**. The Ninth Circuit Court of Appeals held: "... to establish standing to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, he must demonstrate a 'real and immediate threat of repeated injury' in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 946 (9th Cir. 2011). The Ninth Circuit cautioned that its decision "... does not transform the ADA into an open-ended private attorney general statute ... ." *Chapman v. Pier I,* 631 F.3d at 953.

> Article III, however, requires a sufficient showing of likely injury in the future related to the plaintiff's disability to ensure that injunctive relief will **vindicate the rights of the particular plaintiff** rather than the rights of third parties. *Chapman v. Pier I,* 631 F.3d at 949 (emphasis added).

> Though its purpose is "sweeping," *PGA Tour,* 532 U.S. at 675, 121 S.Ct. 1879, and its mandate "comprehensive," 42 U.S.C. § 12101(b)(1), **the ADA's reach is not unlimited**. Rather, as with other civil rights statutes, to invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by **demonstrating his standing to sue at each stage of the litigation**. *Chapman v. Pier I,* 631 F.3d at 946 (emphasis added).

In *Luu v. Ramparts, Inc.*, 926 F. Supp. 2d 1178, 1182-83 (D. Nev. 2013), the court granted defendant-hotel's motion to dismiss under Rule 12(b)(1), holding that the ADA-plaintiff's expressed desire to return lacked concrete plans, thus merely qualifying as "some day" intentions–which are not sufficient to support a finding of imminent injury.

Here, Mr. Turner has not evidenced any intent to make another appointment with Dr. Anand, who was one of three doctors who tried to remedy his hand injury. The boilerplate conclusory allegation in his Complaint is devoid of facts. At his deposition, Mr. Turner testified that he consulted with Dr. Anand around the Spring of 2013, as well as with two other doctors, in

order to treat an injury to his left hand. See *Exhibit A* at 9 -13 (DT at 44-46 & 49-50). Mr. Turner testified he has not sought any further medical assistance for his hand injury: "I figured three doctors were enough." See *Exhibit A* at 13 (DT at 50:16). And Mr. Turner's Declaration in Opposition to this motion is bereft of any intent to return. See ECF No. 16-1.

In *Johnson v. Overlook at Blue Ravine, LLC*, 2012 WL 2993890 at *4-5 (E.D. Cal. 2012), the court found that the ADA-plaintiff lacked standing because he failed to prove he was likely to return to the apartment complex and thus failed to show a real and immediate threat of repeated future injury. Based on the ADA-plaintiff's lack of standing, the court dismissed for lack of jurisdiction and denied the defendant's summary-judgment motion as moot.

In *Feezor v. Sears, Roebuck and Co.*, 2012 WL 4510950 at *6-7 (E.D. Cal. 2012), the court concluded that the ADA-plaintiff lacked standing because his "conclusory and self-serving assertion" of his desire to return to the store lacked a factual basis. "Numerous courts recognize that standing does not exist where plaintiff offers a tenuous, conjectural and self-serving assertion of intent to return to an establishment." *Feezor v. Sears*, 2012 WL 4510950 at *6.

Mr. Turner has failed to meet the continued burden of establishing standing. See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

## IV. PLAINTIFF'S ADA CLAIM IS MOOT BECAUSE ALLEGED BARRIERS HAVE BEEN REMEDIED

Many ADA cases have been dismissed for lack of subject matter jurisdiction where the defendant has remedied the alleged architectural barriers.

In *Harris v. Stonecrest Care Auto Ctr., LLC,* 472 F. Supp. 2d 1208 (S.D. Cal. 2007), Judge Burns found that the ADA-plaintiff was not likely to return to the gas station and thus lacked Article III standing to sue. The U.S.D.C.

for the Southern District of California dismissed the federal claim for lack of jurisdiction, and it also dismissed the supplemental state-law claims.

In *Hubbard v. 7-Eleven, Inc.*, 433 F. Supp. 2d 1134 (S.D. Cal. 2006), Judge Lorenz held that the store's remedial actions had rendered moot the ADA-plaintiff's claims.

In a case relied upon by Plaintiff, *Sharp v. Rosa Mexicano, D.C., LLC,* 496 F. Supp. 2d 93 (D.D.C. 2007), the court ruled *sua sponte* that the ADA-plaintiff's claim was moot based on lack of jurisdiction because the barriers had been remedied. In an elegantly written opinion, the court explained: "Mootness deprives the Court of its ability to take remedial action because 'there is nothing for [the court] to remedy, even if [it] were inclined to do so.' *Spencer v. Kemna*, 523 U.S. 1, 18 ... (1998)." *Sharp v. Rosa Mexicano,* 496 F. Supp. 2d at 98.

In *Chapman v. Starbucks Corp.*, 2011 WL 66823 at *4 (E.D. Cal. 2011), the court dismissed the ADA-plaintiff's federal and state claims, holding in part that because the "alleged barriers in the parking lot have been remedied, this portion of Chapman's request for injunctive relief is moot."

In *Chapman v. Chevron Stations, Inc.*, 2011 WL 4738309 (E.D. Cal. 2011), the court granted summary judgment against the ADA-plaintiff on his federal claims and declined to exercise jurisdiction over his state claims.

> The vast majority of the alleged ADA barriers are not properly before the Court as the barriers were not identified in the FAC. ... Other alleged ADA barriers have been corrected in that Chevron has made the changes identified by Chapman. Given Chevron's responsiveness to the alleged ADA barriers, the Court does not see any indication that Chapman will be subject to any ADA barriers or ADA discrimination from Chevron. *Chapman v. Chevron,* 2011 WL 4738309 at *12.

Similarly, here Mr. Turner testified that his only complaint with the parking lot was that the space was too narrow, and he further testified that now it has been fixed. See *Exhibit A* at 15, 16, 17, 18, 19, & 20-21 (DT at 71:3-20. 72:15-23, 73:1-18, 101:1-12, 102:1-3, 110:25, 111:1-8 & 13-17).

# V. THE "VOLUNTARY CESSATION" EXCEPTION
# TO THE MOOTNESS DOCTRINE IS NOT APPLICABLE

The Opposition argues that the "voluntary cessation" exception applies and precludes a finding of mootness. However, cases that find such an exception are based on **stopping** certain conduct and activities.[3] This "cessation" or "stopping" exception is ill fit for architectural-barrier cases.

The alleged barriers in Mr. Turner's Complaint have been remedied. And a policy to ensure compliance with ADA requirements for the parking lot has been adopted. The Anand's parking lot is not an Augean stables. Where alleged ADA-barrier violations have been corrected, there is nothing further for the court to order because defendants have already complied.

---

[3] *United States v. Concentrated Phosphate Export Ass'n,* 393 U.S. 199 (1968) was a lawsuit to enjoin price-fixing by a export association; the court held that even if the association dissolved itself, the action was not moot because the government sought to enjoin the association's former members.
  *City of Mesquite v. Aladdin's Castle, Inc.,* 455 U.S. 283 (1982) dealt with the constitutionality of a Texas city ordinance regulating amusement devices.
  In *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167 (2000), environmental groups alleged violations of the Clean Water Act.
  In *Tandy v. City of Wichita,* 380 F.3d 1277 (10th Cir. 2004), where numerous plaintiffs (including sight-impaired, hearing-impaired, and wheel-chair users) sued a public bus operator in Kansas. The court dismissed some of the claims as moot because there was no evidence defendant intended to resume its discontinued policies. *Tandy v. Wichita*, 380 F.3d at 1291.
  In *Feldman v. Pro Football, Inc.* 419 F. App'x 381, 386 (4th Cir. 2011), hearing-impaired fans sued for lack of access to information and announcements and argued the case was not moot because defendants could revert their conduct with the "flip of a switch."
  In contrast, in a case cited by Plaintiff that was <u>not</u> based on architectural barriers, *Grove v. De La Cruz,* 407 F. Supp. 2d 1126, 1130-31 (C.D. Cal. 2005), the ADA-plaintiff's ADA claim was dismissed for lack of jurisdiction because the remedies **mooted** alleged architectural barriers.
  *Moeller v. Taco Bell Corp.,* 816 F. Supp. 2d 831 (N.D. Cal. 2011) is distinguishable; this is a class-action lawsuit that has spanned over the years.

Plaintiff's cases expressing skepticism are also an ill fit here. [4]

It appears that Plaintiff has mis-stated the Supreme Court's ruling in the *Steel* case (see ECF 16 at 13:2-40), relying instead upon a party's argument.[5] In *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 108-09 (1998), the high court held that plaintiff's "generalized interest in deterrence" was not sufficient to supply Article III standing and directed the complaint be dismissed. The Supreme Court rejected the government's argument that the voluntary cessation exception is a "presumption" of future injury because such exception is a shield and not a sword; and acceptance of the government's view "would be to overrule our clear precedent requiring that allegations of future injury be particular and concrete." *Steel v. Citizens,* 523 U.S. at 109.

---

[4] In *United States v. W.T. Grant*, 345 U.S. 629 (1953), the high court **affirmed** the lower court's dismissal of Clayton Act claims as **moot**.
In *Jenkins v. United States Gas Corporation,* 400 F.2d 28 (5th Cir. 1998) [sic 1968], this was in effect a class action alleging racial discrimination.
In *Iron Arrow Honor Soc'y v. Heckler,* 464 U.S. 67 (1983), the high court held this gender-discrimination suit was **mooted** by the university president's letter to the allegedly offending organization.
*Santiago v. Miles*, 774 F.Supp. 755 (W.D.N.Y. 1991) was a class-action lawsuit by inmates to stop racially discriminatory prison practices.
In *Nat'l Adver. Co. v. City of Miami,* 402 F.3d 1329 (11th Cir. 2005) the circuit court reversed and instructed the district court to dismiss for lack of jurisdiction because the city's code amendments rendered the case **moot**.
*Sheely v. MRI Radiology Network, P.A.,* 505 F.3d 1173 (11th Cir. 2007) was filed by a sight-impaired woman suing for a service-animal policy. The *Sheely* case has been distinguished by Florida courts where ADA-plaintiffs were suing for removal of architectural barriers. See: **Access 4 All v. Bamco VI, Inc., 2012 WL 33163 (S.D. Fla. 2012)** where defendant acted promptly to comply with the law (at *5-6); *Houston v. 7-Eleven, Inc.* 2014 WL 351970 (S.D. Fla. 2014); and *Duldulao v. Target*, 2012 WL 6008484 (M.D. Fla. 2012).

[5] See also *Modern Dev. Co. v. Navigators Ins. Co.,* 111 Cal. App. 4th 932. 941(2003), where the cited language appears to be the *defendant's argument* in an insurance-coverage dispute. See ECF 16, at 12:11-19, which frames such language as "the court noted ... ."

# VI. THE ANANDS REMEDIED ALLEGED BARRIERS PLED IN THE COMPLAINT UPON WHICH THEY HAD FAIR NOTICE

The Ninth Circuit Court of Appeals affirmed summary judgment for defendants on an ADA-plaintiff's architectural-barrier claim and dismissal of state law claims. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011).

At the trial court level, Judge Sammartino declined to consider barriers listed in the ADA-plaintiff's expert report where the plaintiff had not filed an amended complaint by the deadline. The Ninth Circuit held that ADA-plaintiffs are not exempt from the fair notice pleading requirement.

> ... Oliver argues that the complaint need not give the defendant notice of every barrier for which the plaintiff seeks relief, because a disabled plaintiff who has encountered at least one barrier at a facility can sue to remove all the barriers at the facility related to his specific disability. See *Doran v. 7–Eleven*, 524 F.3d 1034, 1047 (9th Cir.2008). But *Doran* does not help Oliver, because it speaks only to constitutional standing; it sheds no light on what a plaintiff's complaint must include to comply with the fair notice requirement of Rule 8. In sum, for purposes of Rule 8, a plaintiff **must identify the barriers that constitute the grounds for a claim of discrimination under the ADA in the complaint itself**; a defendant is not deemed to have fair notice of barriers identified elsewhere. *Oliver v. Ralphs*, 654 F.3d at 909 (emphasis added).

Likewise, in *Hernandez v. Polanco Enter., Inc.*, 2013 WL 4520253 (N.D. Cal. 2013), the court rejected an ADA-plaintiff's arguments, stressing that *Oliver* had rejected plaintiff's argument for relief from Rule 8 pleading requirements, explaining that she had relied upon "*Doran*, a case addressing not pleading requirements but constitutional standing requirements for ADA plaintiffs in barrier cases." *Hernandez v. Polanco*, 2013 WL 4520253 at *6.

This is a matter of fairness and due process.

# VII. CRAS AIMS TO CURB ABUSIVE LAWSUITS

Under the heading titled "Prevention of Abusive Litigation," the California Supreme Court explained the 2008 amendments to California disability laws and procedures for inspection by a Certified Access Specialist ("CASp"). *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 676-78 (2009).

| 1  | In response to the outcry by many small businesses that had been sued
| 2  | in ADA lawsuits, the California Legislature added **Part 2.52** to its civil rights
| 3  | statutory scheme, effective 2009, titled the *Construction-Related Accessibility*
| 4  | *Standards Compliance Act* ("CRAS"; embodied in Civil Code §§ 55.51–55.57,
| 5  | as amended). See Civil Code §§ 55.51 – 55.545. Effective 09-19-2012, the
| 6  | California Legislature added **Part 2.53**, titled *Attorney's Fees and Statutory*
| 7  | *Damages in CRAS Claims*. See Civil Code §§ 55.55 – 55.57.

The Anands have requested that the Court take judicial notice of the State Architect's explanation of CASp inspections and certificates. Please see Request for Judicial Notice and *Exhibit M* at pp. 74-75. The Anands voluntarily had a CASp inspection, and they aim to comply with the completion-date schedule. See Gonzalez Dec. at ¶¶ 3-14.

The U.S. Supreme Court explained that standing ensures that courts' "scarce resources ... are devoted to those disputes in which the parties have a concrete stake," noting that "courts should use caution to avoid carrying forward a moot case solely to vindicate a plaintiff's interest in recovering attorneys' fees." *Friends of the Earth v. Laidlaw,* 528 U.S. at 1415, n.5.

In *Johnson v. Overlook at Blue Ravine, LLC,* 2012 WL 2993890 at *7-8, the court held that plaintiff had an obligation to make a reasonable inquiry as to whether his factual allegations had evidentiary support. The *Blue Ravine* court ruled that once the plaintiff had no facts to support his belief that he had standing, he should have dismissed the lawsuit.

Pursuant to Rules 12(b)(1) and/or 12(h)(3), the Anands respectfully request that the Court grant their Motion to Dismiss this entire action.

HORTON, KNOX, CARTER & FOOTE, LLP

Dated: November 10, 2014    s/Margarita Haugaard
                            Orlando B. Foote
                            Margarita Haugaard
                            Attorneys for Defendants
                            Veerinder S. Anand, Sandhya Anand, and
                            VEERINDER S. ANAND, M.D., INC.