CENTER FOR DISABILITY ACCESS
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq. SBN 171771
Christopher Seabock, Esq., SBN 279640
<u>Mail</u>: PO Box 262490
    San Diego, CA 92196-2490
<u>Delivery</u>: 9845 Erma Road, Suite 300
    San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg @ potterhandy.com
    Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **William Lawrence Turner**,<br><br>    Plaintiff,<br><br>  v.<br><br>**Veerinder S. Anand;**<br>**Sandhya Anand;**<br>**Veerinder S. Anand, M.D., Inc.,** a California Corporation,<br><br>    Defendants. | **Case:** 14-cv-1147-BAS-PCL<br><br>**Plaintiff's Memorandum of Points and Authorities in Support of Leave to File First Amended Complaint**<br><br>Date:    December 15, 2014<br>Ctrm:    4B<br><br>Hon. Judge Cynthia A. Bashant<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY COURT** |

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................i

TABLE OF AUTHORITIES..........................................................................ii

I. RELEVANT FACTS...................................................................1

II. DISCUSSION................................................................................2

   A. Policies and Principles Underlying the Role of Pleadings in Federal Courts Require 'Extremely Liberal' Opportunities to Amend Complaints ...........................................2

   B. This Court Should Allow the Amendment Because There Is No Undue Delay, Bad Faith, Futility, Dilatory Motives, Previous Amendments or Prejudice. ...........................................3

      1. Undue Delay ...................................................................3

      2. Futility ...........................................................................5

      3. First Amendment ..........................................................6

      4. No Prejudice .................................................................6

III. CONCLUSION..........................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Aughe v. Shalala*,
 885 F.Supp 1428 (W.D. Wash. 1995) ...................................................... 5

*Crawford v. Gould*,
 56 F.3d 1162 (9th Cir. 1995) ................................................................. 7

*DCD Programs, Ltd. v. Leighton*,
 833 F.2d 183 (9th Cir. 1987) .......................................................... 3, 4, 6

*Foman v. Davis*,
 371 U.S. 178 (1962) .............................................................................. 2

*Forsyth v. Humana, Inc.*,
 99 F.3d 1504 (9th Cir. 1996) ............................................................. 3, 5

*Gabrielson v. Montgomery Ward & Co.*,
 785 F.2d 762 (9th Cir.1986) .................................................................. 5

*Hurn v. Retirement Fund Trust of the Plumbing, Heating and Piping*
 *Industry of Southern California*,
 648 F.2d 1252 (9th Cir. 1981) ............................................................ 3, 8

*Jackson v. Bank of Hawaii*,
 902 F.2d 1385 (9th Cir. 1990) ............................................................ 4, 6

*Jones v. Community Redevelopment Agency*,
 733 F.2d 646 (9th Cir.1984) .................................................................. 5

*Morongo Band of Mission Indians v. Rose*,
 893 F.2d 1074 (9th Cir. 1989) ......................................................... 2, 3, 7

**Statutes**

Fed. R. Civ. P. 15(a) ..................................................................................... 2

# I. RELEVANT FACTS

On May 7, 2014, the plaintiff filed the complaint in this case alleging violations of the ADA, Unruh Civil Rights Act and Disabled Persons Act. (ECF-1). The plaintiff's complaint alleged that the defendants' property/business did not have accessible parking.

The parties held an Early Neutral Evaluation on July 29, 2014 and a Case Management Conference on August 25, 2014 and the Court then issued the Scheduling Order. (ECF-12). The defense then filed a motion to dismiss based on claims that the property had been renovated after the filing of the lawsuit. (ECF-14). The plaintiff promptly (within a week) conducted a site inspection to ascertain the condition of the property and determined that a number of violations existed at the property. Additionally, the plaintiff sat for his deposition and had to find and produce documents and, therefore, the facts became clarified. Thus, the plaintiff now moves to amend his complaint to provide greater detail about the events that underlie this lawsuit and to identify the additional violations.

This motion is being filed within three weeks of the plaintiff's expert site inspection and in the very earliest stages of the case. The amendments are neither surprising nor represent a sudden or unfair shift in the theories or claims being made. The Plaintiff, therefore, now respectfully requests leave of this court to amend the complaint.

## II. DISCUSSION

### A. Policies and Principles Underlying the Role of Pleadings in Federal Courts Require 'Extremely Liberal' Opportunities to Amend Complaints

When a party seeks to amend his complaint, leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Over thirty years ago, the Supreme Court declared that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court explained:

> It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of mere technicalities. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Id.* at 181-82. The Supreme Court then established some principles that have been consistently followed by courts deciding whether to allow an amendment to a complaint:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'

*Id.* at 182.

This circuit has consistently followed the Supreme Court's mandate. The policy of 'freely allowing' the amendments of complaints "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1989). Although the district court exercises discretion in allowing amendments, it abuses its discretion by

denying an amendment when there is an absence of judicially developed factors. *Hurn v. Retirement Fund Trust of the Plumbing, Heating and Piping Industry of Southern California*, 648 F.2d 1252, 1253 (9th Cir. 1981). These factors are discussed below.

**B.    This Court Should Allow the Amendment Because There Is No Undue Delay, Bad Faith, Futility, Dilatory Motives, Previous Amendments or Prejudice.**

"The following factors guide a court's determination of whether a motion to amend should be granted: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." *Forsyth v. Humana, Inc.*, 99 F.3d 1504, 1518 (9th Cir. 1996). Another factor that can be considered by the court is whether the plaintiff has already amended her complaint once. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 at fn. 3 (9th Cir. 1987). Because none of these factors apply in the present case, this court should allow Plaintiff to amend his complaint.

*1.    Undue Delay*

If the proposed amendment was unduly delayed, the district court can consider this as a factor in exercising its discretion to allow or deny the amendment. <u>Hurn</u>, 648 F.2d at 1253. In both *Hurn* and *Morengo*, the courts were faced with proposed amendments that had been delayed for two years. The *Morengo* court considered it a factor (among many) in its ultimate denial of the amendment, while the *Hurn* court allowed the amendment despite the two-year delay. *Id*.; *Morengo*, 893 F.2d at 1079. The *Morengo* court explained that even a *two-year* delay is not enough, by itself, to justify denying a proposed amendment. *Id*. The *Hurn* court stated:

PNA in support of Motion to file FAC    **Case:** 14-cv-1147-BAS-PCL

> Delay alone does not provide sufficient grounds for denying leave to amend: Where there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion.

*Hurn*, 648 F.2d at 1253.

On the other hand, where the court is faced with bad faith and dilatory tactics, it will not abuse its discretion in denying an amendment. For example, in *Jackson v. Bank of Hawaii*, 902 F.2d 1385 (9th Cir. 1990), the court of appeals affirmed the district court's denial of an amendment. The court pointed out that the case had been "extensively litigated with several trial dates set" already. *Id*. at 1388. Furthermore, the plaintiffs knew they were going to amend and, in fact, "informed the court of their intention to file an amended complaint in March 1987, in May 1987, and in February 1988, but delayed offering their amended complaint until May 1988." *Id*. The seventh month delay from the time they said they would file an amendment to the time they actually did file was "inexplicable and unjustified." *Id*.

Quite another situation was presented in *DCD Programs*. In *DCD Programs*, a defendant argued "unjust delay" in seeking to add it as a defendant. *DCD Programs*, 833 F.2d at 186. The district court rejected this argument and its decision was upheld by the court of appeals. *Id*. The court stated:

> [T]his suit is still in its early stages, and appellants have offered a satisfactory explanation for their delay in naming HFB as a defendant, i.e., they waited until they had sufficient evidence of conduct upon which they could base claims of wrongful conduct. Moreover, Fed.R.Civ.P. 11 requires the sanctioning of attorneys who bring suits lacking a factual basis. Consequently, attorneys are cautioned, by this threat of sanctions, to perform their duty to investigate before involving a party in a lawsuit.

*Id*., at 186 & fn. 4.

In sharp contrast to the two-year delays in *Hurn* and *Morengo*, (even these delays were not enough to prevent the amendments), Plaintiff has timely filed this motion within weeks of obtaining the new information. Moreover, similar to the *DCD Programs* case, this case is in its "early stages." Given the early stage of this case, this swiftly brought motion to amend, the "extremely liberal" Supreme Court mandate, and the policies of trying cases on their merits, this court should find that there has not been an undue delay and allow the amendment.

### 2. *Futility*

If the amended complaint would do nothing more than present a futile claim, the district court can properly deny the amendment. *Forsyth*, 99 F.3d at 1518. In *Forsyth*, the plaintiff's sought leave to amend the complaint and add new claims. *Id*. The district court properly denied the amendment because one claim was preempted by federal law and the other claim was predicated upon a criminal statute and provided no private cause of action. *Id*. The futility of the claims would have resulted in a waste of judicial resources and were properly denied. *Id*.; *see also Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir.1986) (holding that amendment was futile because amended claim could not survive summary judgment); *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 650 (9th Cir.1984) (holding that motion to amend is futile if amended complaint would not survive a motion to dismiss); *Aughe v. Shalala*, 885 F.Supp 1428 (W.D. Wash. 1995) (holding that the addition of new parties who would merely assert the same claims that had already been summarily judged was a futile gesture).

Plaintiff's motion to update the facts and identify the additional architectural barriers, however, is not futile. The relevant claims have not

been adjudicated, the claims are not preempted, the claims do state a cause of action against the parties, and the modification of the complaint is not futile.

### 3. First Amendment

Another factor occasionally considered in reviewing a motion to amend a complaint is "whether the plaintiff has previously amended her complaint." *DCD Programs*, 833 F.2d at 186, fn.3. The *DCD Programs* court explained:

> In Mir v. Fosburg, 646 F.2d 342 (9th Cir. 1980), the plaintiff had amended his complaint once. Both the original complaint and the amended one were dismissed for lack of jurisdiction. When the plaintiff requested leave to file a second amended complaint, the district court denied the motion. In affirming the denial, this court held that a district court's discretion over amendments is especially broad "where the court has already given a plaintiff one or more opportunities to amend his complaint...." Id. at 347; see Fidelity Financial Corp. v. Fed. Home Loan Bank, 792 F.2d 1432, 1438 (9th Cir.1986), cert. denied, --- U.S. ----, 107 S.Ct. 949, 93 L.Ed.2d 998 (1987); Mooney v. Vitolo, 435 F.2d 838, 839 (2d Cir.1970) (per curiam).

*Id.*

Plaintiff has not amended his complaint previously. Hopefully, Plaintiff will not need to amend his complaint ever again. Because the complaint has not been previously amended, the district court should "freely allow" this first amendment.

### 4. No Prejudice

A district court can deny a proposed amendment if permitting the amendment would prejudice the opposing party. *Jackson*, 902 F.2d at 1387. In fact, this factor is the most important factor. *Id*. In *Jackson*, the district court properly denied the amendment because after the case had

PNA in support of Motion to file FAC   **Case:** 14-cv-1147-BAS-PCL

been extensively litigated and several trial dates set, the plaintiffs sought to amend the complaint alleging new legal theories predicated upon a different set of facts. *Id.* at 1387-88. The district court determined that this would unduly prejudice the defendants. *Id.*

Similarly, in *Morengo*, the district court rejected a proposed amendment because:

> The new claims set forth in the amended complaint would have **greatly altered** the nature of the litigation and would have required defendants to have undertaken, at a late hour, an **entirely new course of defense**. Again, this factor is not fatal to amendment but it enters into the balance.
>
> In light of the **radical shift** in direction posed by these claims, their **tenuous nature**, and the **inordinate delay**, we conclude that the district court did not clearly abuse its discretion in denying leave to amend.

*Morengo*, 893 F.2d at 1079 (emphasis added) (internal citations omitted).

In contrast, the defendants in the present case are faced with the exact same causes of action and will use the same defenses. There is no radical shift in the case, the claims are not merely tenuous, and there has been no inordinate delay. Plaintiff's amendment alleges the same causes of action and merely adds additional barriers to the list and updates the facts to match the testimony already provided to the defense during the plaintiff's deposition.

Plaintiff's amendment is much more analogous to the *Hurn* and *Crawford* amendments. In *Crawford*, the appellate court stated bluntly that the plaintiff should be allowed to amend his complaint *because* the "amendment would not prejudice [defendants], because it would not require [defendants] to undertake an entirely new course of defense, or to conduct substantial additional discovery." *Crawford v. Gould*, 56 F.3d 1162, 1169 (9th Cir. 1995) (emphasis added). Just like the *Crawford*

defendants, the defendants in the present case are faced with the same claims and will utilize the same type of defense.

In *Hurn*, the court examined the case and found that the "same set of operative facts" were alleged and that the defendants had not compromised their positions in such a way that the amendment would prejudice them. *Hurn*, 648 F.2d at 1253. The same circumstances exist in the present case. The same set of operative facts exists and the defendants have not compromised their positions in any way.

### III.  CONCLUSION

Leave to amend "shall be freely given" when justice so requires and this policy is to be applied with extreme liberality. The district court has discretion to deny a motion to amend when certain factors are present. None of these factors are present in this case.  This motion is (1) the first attempt to amend this complaint, (2) it does not allege an entirely new set of facts or legal theories, (3) the defendants have not compromised their positions, (4) the amendment is neither futile nor dilatory. Moreover, Plaintiff has a good reason for amending his complaint: to clarify facts and identify the additional barriers discovered through a site inspection.

Allowing Plaintiff to amend his complaint would further the principles underlying Rule 15(a) by allowing the trial to proceed on its merits to trial with correct factual allegations in the complaint. The Plaintiff respectfully requests leave to amend the complaint.

Dated: November 12, 2014        CENTER FOR DISABILITY ACCESS
                                /s/ Mark Potter
                           By:_____
                                Mark Potter, Esq.
                                Attorneys for Plaintiff

8