Orlando B. Foote, SBN 031275
Margarita Haugaard, SBN 159199
HORTON, KNOX, CARTER & FOOTE, LLP
1230 Columbia Street, Suite 550
San Diego, CA 92101
Telephone No. (619) 595-0220
Fax No. (619) 595-0225

Attorneys for defendants Veerinder S. Anand,
 Sandhya Anand, and VEERINDER S. ANAND, M.D., INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LAWRENCE TURNER, | Case No. 14 CV 1147 BAS PCL |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES** IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT |
| v. | |
| VEERINDER S. ANAND; SANDHYA ANAND; VEERINDER S. ANAND, M.D., INC., a California corporation; and DOES 1-10. | |
| Defendants. | Date: December 15, 2014 Honorable Cynthia A. Bashant |

*cover page*

**TABLE OF CONTENTS**

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   SYNOPSIS OF PROCEEDINGS AND DISCOVERY . . . . . . . . . . . . 2

     A.   Plaintiff's Complaint and Civil Cover Sheet . . . . . . . . . . . . . . . 2

     B.   The Anand's Response to Plaintiff's Complaint . . . . . . . . . . . 2

     C.   The Anands Made Modifications to Address
        ADA Violations Alleged in the Complaint . . . . . . . . . . . . . . . . 3

     D.   A Certified Access Specialist Inspected and
        Later Issued Certificate for the Parking Lot and Interior . . . . . 4

     E.   Certain Rule 26 Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . 4

     F.   Mr. Turner Testified that His Only Complaint
        Is the Parking Space . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

     G.   "Site Inspection" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

     H.   Motion to Dismiss . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

III.  PLAINTIFF'S SWORN TESTIMONY . . . . . . . . . . . . . . . . . . . . . . . 7

IV.   PLAINTIFF FAILED TO TIMELY FILE MOTION
     TO MODIFY THE COURT'S SCHEDULING ORDER . . . . . . . . . . . 8

V.    EVEN IF RULE 15 WERE APPLICABLE,
     PLAINTIFF FAILS TO MAKE REQUISITE SHOWING . . . . . . . . . 12

VI.   PLAINTIFF FAILS TO ESTABLISH
     REQUISITE INTENT TO RETURN . . . . . . . . . . . . . . . . . . . . . . . 15

VII.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

- i -

## FEDERAL RULES

**Federal Rules of Civil Procedure**

Rule 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

Rule 15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8, 9, 10

Rule 16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 8, 9, 11

## FEDERAL CASE LAW

*Agricola Baja Best, S. de R.L. de C.V., v. Harris Moran Seed Co.,*
2013 WL 4499118 (S.D. Cal. 2013) . . . . . . . . . . . . . . . . . . . . . . . 10

*AmerisourceBergen Corp. v. Dialysist West, Inc.,*
465 F.3d 946 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 14

*Aughe v. Shalala,*
885 F. Supp 1428 (W.D. Wash. 1995) . . . . . . . . . . . . . . . . . . . . . 9

*Chapman v. Pier 1 Imports (U.S.) Inc.,*
631 F.3d 939, 946 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . 15

*Coleman v. Quaker Oats Co.,*
232 F.3d 1271 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Crawford v. Gould,*
56 F.3d 1162 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*DCD Programs, Ltd. v. Leighton,*
833 F.2d 183 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Feezor v. Sears, Roebuck and Co.,*
2012 WL 4510950 (E.D. Cal. 2012) . . . . . . . . . . . . . . . . . . . . . . 16

*Foman v. Davis,*
371 U.S. 178 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Forsyth v. Humana, Inc.,*
99 F.3d 1504 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Forsyth v. Humana, Inc.,*
114 F.3d 1467 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,*
528 U.S. 167 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

- ii -

*Fry v. Aztec Doberman Pinscher Club of San Diego*,
  2012 WL 3985987 (S.D. Cal. 2012) . . . . . . . . . . . . . . . . . . . . . . . . 10

*Gabrielson v. Montgomery Ward & Co.*,
  785 F.2d 762 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Haywood v. Bedatsky*,
  2006 WL 3717391 (D. Ariz. 2006) . . . . . . . . . . . . . . . . . . . . . . . . 14

*Hernandez v. Polanco Enter., Inc.*,
  2013 WL 4520253 (N.D. Cal. 2013) . . . . . . . . . . . . . . . . . . . . . . . . 12

*Hurn v. Retirement Fund Trust of the
  Plumbing, Heating and Piping Industry of So. Cal.*,
  648 F.2d. 1252 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Jackson v. Bank of Hawaii*,
  902 F.2d 1385 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Johnson v. Overlook at Blue Ravine, LLC*,
  2012 WL 2993890 (E.D. Cal. 2012) . . . . . . . . . . . . . . . . . . . . . . . . 16

*Jones v. Community Redevelopment Agency*,
  733 F.2d 646 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Lacey v. Maricopa County*,
  693 F.3d 896 (9th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Luu v. Ramparts, Inc.*,
  926 F. Supp. 2d 1178, 1182-83 (D. Nev. 2013) . . . . . . . . . . . . . . 16

*Morongo Band of Mission Indians v. Rose*,
  893 F.2d 1074 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Nino v. United States of America*,
  2014 WL 4988472 (S.D. Cal. 2014) . . . . . . . . . . . . . . . . . . . . . . . . 9

*Oliver v. Ralphs Grocery Co.*,
  654 F.3d 903 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 13

- iii -

# I.  INTRODUCTION

Plaintiff William Lawrence Turner filed this action against Veerinder S. Anand, Sandhya Anand, and VEERINDER S. ANAND, M.D., INC. (the "Anands"). Mr. Turner's Complaint alleges that he encountered violations of architectural barriers in contravention of the American with Disabilities Act ("ADA"; 42 U.S.C. §§ 12101, *et. seq.*) in the Anands' parking lot.

Promptly after receiving notice of Mr. Turner's Complaint, a CASp (Certified Access Specialist) consultant was retained, and modifications were made to provide a disabled-reserved parking space which remedied Mr. Turner's ADA claims.   At his deposition, Mr. Turner testified that the disabled-reserved parking-space issues are now "fixed."   The barriers identified by Mr. Turner in his Complaint and at his deposition have been resolved.

Additionally, the Anands voluntarily had a full CASp inspection done of the premises and are complying with the scheduled completion dates set forth in the CASp Report.

Because Mr. Turner's ADA claims have been mooted, the Anands brought a motion to dismiss under Rule 12(b)(1) because this Court no longer has jurisdiction over Mr. Turner's federal-law claims, and it does not have discretion to retain "supplemental" jurisdiction over his state-law claims.

The day after the Anands filed their Reply for their Motion to Dismiss, Plaintiff filed a Motion for Leave to File a First Amended Complaint ("FAC") based upon Rule 15.   However, Plaintiff failed to timely file a motion to modify the Court's Scheduling Order based on Rule 16.   Plaintiff's motion is based on the wrong standard and is silent as to the requisite "good cause' standard.

Even if Rule 15 were applicable, Plaintiff fails to make requisite showing.

And back to full circle again, Plaintiff's proposed amended pleading fails to establish the requisite intent to return which is required for standing.

Plaintiff's motion should be denied.

## II.  SYNOPSIS OF PROCEEDINGS AND DISCOVERY

### A.  PLAINTIFF'S COMPLAINT AND CIVIL COVER SHEET

On May 7, 2014, Mr. Turner caused a Complaint to be filed with this Court, complaining about an alleged lack of compliance with regulations for a disabled-reserved parking space.   A correct copy of his Complaint (ECF No. 1) was attached as *Exh. C* to the Notice of Lodgment ("NOL") filed in Support of the Anands' Motion to Dismiss.   ECF 15-5 at 24-31.

The Complaint pleads: injunctive relief under the ADA; actual damages and statutory damages, i.e., penalties under either the California Disabled Persons Act ("CDPA"; Civil Code §§ 54-55.32) or the Unruh Act (Civil Code § 51), both of which have been modified by the Construction-Related Accessibility Standards Compliance Act ("CRAS"; Civil Code §§ 55.51 – 55.545.); and attorneys' fees.   See ECF 15-2 at 31.

The Civil Cover Sheet (ECF No. 1-1) was filed with Mr. Turner's Complaint; a correct copy was attached as *Exh. D* to the NOL in Support of the Anands' Motion to Dismiss.   ECF 15-6 at 32-33.

### B.  THE ANAND'S RESPONSE TO PLAINTIFF'S COMPLAINT

Dr. and Mrs. Anand are the lessors and owners of the real-property upon which a medical clinic provides health-care services.   The medical corporation is the lessee and operator of the clinic which operates on the property which is open to the public ("Place of Public Accommodation").

On June 13th, before the Anands filed their Answer, a 998 Offer was personally served upon Mr. Turner's attorneys.   (This is offered solely to show that the Anands tried to settle this case fairly and in good faith.)   See also *Exhibit N* filed herewith at 80:13-15, indicating that the Anands' counsel explained the basis for the Anands' 998 Offer at the Rule 26 Discovery Conference.

/ / /

On June 13, 2014, the Anands filed their Answer to the Complaint (ECF No. 5). In their First Affirmative Defense, the Anands "allege that the parking lot was modified in compliance with applicable disability laws to ensure that it is readily accessible, and further allege that they have complied with their obligation to provide a van-accessible parking space at the Place of Public Accommodation." ECF 5 at 7:12-17. (See also ECF 17-5 at 65:12-17).

### C. THE ANANDS MADE MODIFICATIONS
### TO ADDRESS ADA VIOLATIONS ALLEGED IN THE COMPLAINT

Mr. Turner complained about a non-ADA-compliant parking space. The Complaint alleges faded paint, faded logo, faded sign, and an access aisle that was not wide enough. ECF 15-5 at 26. The Civil Cover Sheet states the cause of action is based upon: "Lack of accessible parking space." ECF 15-6 at 32 at Section VI.

*Before* the Answer was filed, a CASp (Certified Access Specialist) consultant was retained for the Anands, and modifications were made to provide a disabled-reserved parking space which *remedied* Mr. Turner's complaints.

Even though Mr. Turner had not complained about its location, the disabled-reserved parking space was relocated so that it is now closer to the front door of the clinic. A photograph of the new disabled-reserved parking space with the June 2014 ADA modifications was attached as *Exh. B* to the NOL in Support of the Anands' Motion to Dismiss. ECF 15-6 at 23.

By June 13, 2014, a paving company (Skipco) had done $6,624.00 worth of work, including overtime charges, that were exclusively for the parking space reserved for the disabled. See Declaration of Larry Libsack (ECF 17-1) and *Exh. F* to the NOL in Support of the Anands' Motion to Dismiss (ECF 17-7 at 42-44).

/ / /

## D.  A CERTIFIED ACCESS SPECIALIST INSPECTED AND LATER ISSUED CERTIFICATE FOR THE PARKING LOT AND INTERIOR

Notwithstanding the fact the Complaint did *not* allege that there were any ADA non-compliance matters other than the parking lot, in order to ensure compliance with the ADA in all public areas, a complete inspection was promptly performed for the following areas of the Place of Public Accommodation: parking lot, exterior path of travel, interior spaces, and common areas.

Subsequently, on September 26th, Certificate  No. 13533 was issued by a Certified Access Specialist registered with the State of California, Greg Izor, who is also a licensed architect.   This Certificate was issued after the Anands had provided dates of completion corresponding to ADA matters listed in the CASp Report.   See *Exh. E* to the NOL in Support of the Anands' Motion to Dismiss.   ECF 15-7 at 34.

## E.  CERTAIN RULE 26 PROCEEDINGS

On July 31, 2014, a telephonic ENE Conference was presided by Magistrate Judge Jill L. Burkhardt.  ECF 8.   On July 31st, the case was transferred from the calendar of Magistrate Judge Burkhardt to Magistrate Judge Peter C. Lewis.  ECF 9.

On August 7th, the Rule 26(f) Discovery Conference took place via a conference call between counsel.   On August 21st, the Discovery Plan was submitted to Magistrate Judge Lewis.   See *Exhibit N* filed herewith.   Plaintiff proposed the date of October 27, 2014, as the deadline to file a motion to amend the pleadings. *Exhibit N* at 81:6-7.   Defendants had proposed an earlier date of September 17, 2014.  See Exhibit N at 81:17-18.

On August 25th,a telephonic CMC Conference was presided by Magistrate Judge Lewis.   ECF 13.

/ / /

1    On August 27th, the Court issued its **Scheduling Order** pursuant to
2  Federal Rule of Civil Procedure 16.   ECF 14.

3    In its Scheduling Order, the Court adopted *Plaintiff's* proposed date of
4  October 27, 2014, as the deadline for any party to file a motion to amend its
5  pleadings.  ECF 14 at pp.1-2.

6  **F.  Mr. Turner Testified that His Only Complaint Is the Parking Space**

7    Mr. Turner was deposed on September 19, 2014.   At his deposition, Mr.
8  Turner testified that he sued the Anands because the disabled-reserved
9  parking space was "too small."     Certain excerpts from this deposition
10  transcript are attached as *Exh. A* to the NOL in Support of the Anands' Motion
11  to Dismiss.   ECF 15-3 at 15:3-20.   Contrary to what is stated in Plaintiff's
12  MPA for Leave to File a FAC (ECF 18-1 at 4:13-14), the deposition notice did
13  <u>not</u> require that he produce documents.

14    Mr. Turner testified that he was only suing the Anands "[f]or not having
15  proper handicap parking."   When asked if he was suing for anything else, Mr.
16  Turner testified: "No.   Is that it, yes.  **That's it.**"    ECF 15-3 at 15:3-11
17  (emphasis added).

18  **G.  "Site Inspection"**

19    On October 21st, Plaintiff's consultant (plaintiff's expert designation not
20  due until 11-27-14)  performed a full site inspection, akin to an audit, of the
21  Anand's health-care clinic: the parking lot, the exterior path of travel, and
22  interior spaces.   Instead of seeking a motion for a protective order to limit the
23  scope of the inspection, in the interests of judicial economy, the Anands
24  preserved their objections via *Defendants' Objections to the Plaintiff's Rule 34*
25  *Inspection Demand*, a copy of which is attached herewith as *Exhibit O*.

26    In order to ensure patients' privacy rights and to not disrupt the health-
27  care clinic's operations, the Anands caused the clinic to be closed down for
28  the inspection-audit.

1

**H. MOTION TO DISMISS**

2      On October 15th, the Anands filed their Rule 12(b)(1) Motion to Dismiss
3  based upon lack of subject-matter jurisdiction.   ECF 15.

4      On November 3rd, Plaintiff filed his Opposition to the Motion to Dismiss.
5  ECF 16.   The keystone of Plaintiff's Opposition is Mr. Bishop's report.   As to
6  the disabled-reserved parking space, Mr. Bishop opined that there was a
7  slope in the corner of the ***newly-made*** disabled-reserved parking space that
8  was "not obvious unless one makes a close inspection."   See ECF No. 16-3
9  at ¶ 14 & ECF No. 16-4 at Plaintiff-Exh-C.   The Opposition also argued there
10  are "additional problems" (none of which were pled in the Complaint).

11      On November 10th, the Anands filed a Reply in support of their Motion
12  to Dismiss, presenting evidence (as allowed under a Rule12-b-1 factual
13  challenge) that the slope had been corrected to well below the 2.2% slope
14  limit to 1.4%.   As soon as the Anands were put on notice of Mr. Bishop's
15  opinion, steps were immediately taken to correct the slope in the corner of the
16  ***new*** parking space.   ECF 17-1 (Libsack Dec.), ECF 17-2 (Gonzalez Dec.,
17  and ECF 17-7 at 42-44, 46, 48, & 50-51 (*Exh. F, G, H, & I*).

18      Plaintiff implicitly concedes in the proposed FAC that the slope in the
19  new parking space has been corrected.  See ECF 20-2 at ¶¶ 16 & 18.

20      The very next court day after the Anands filed their Reply, Plaintiff filed
21  a motion for leave to file a FAC.  See ECF No. 18, captioned as "Plaintiff's
22  Opposition to Motion to Dismiss" and withdrawn on November 13th by ECF
23  No. 19 as a mis-captioned document, and re-submitted by ECF No. 20,
24  captioned as "Plaintiff's Motion for Leave to File First Amended Complaint."
25  / / /
26  / / /
27  / / /
28  / / /

## III. PLAINTIFF'S SWORN TESTIMONY

At his deposition on September 19th, Mr. Turner testified that another doctor, Dr. Tan, has been Mr. Turner's primary-care physician for about five years.   ECF 15-3 at 10:11-23.

Mr. Turner testified he consulted with Dr. Anand around the Spring of 2013, as well as with two other doctors, in order to treat an injury to his left hand.  After suffering a hand-injury, Mr. Turner was treated by Dr. Teske, who specialized in nerve injuries.  It was Dr. Teske who referred Mr. Turner to Dr. Anand.   Dr. Anand referred Mr. Turner to another specialist from San Diego at the Horizon Medical Center, and that specialist told Mr. Turner that there was nothing further he could do for him.  ECF 15-3 at 9:11 – 13:16.

Mr. Turner testified he has <u>not</u> sought any further medical assistance for his hand injury: "I figured three doctors were enough." "   ECF 15-3 at 13:14-16.

At his deposition, Mr. Turner testified that the reason he sued the Anands was because the disabled-reserved parking space was "too small." ECF 15-3 at 15:3-20.

Mr. Turner testified that about a month after he "filed the complaint with Potter's office" he noticed "they got a real nice big handicap parking on the east side of the parking, very nice striping."   Mr. Turner testified that the disabled-reserved parking-space issues are "fixed."    ECF 15-3 at 16:15-23, 17:1-18, 18:1-12, & 19:1-3.   Mr. Turner's only complaint with the parking lot was that the space was too narrow.   "Yes, that's what it's been about the whole time."   ECF 15-3 at 20:25– 21:1-8 & 13-17.

Mr. Turner testified that he was only suing the Anands "[f]or not having proper handicap parking."   When asked if he was suing for anything else, Mr. Turner testified: "No.   Is that it, yes.  **That's it.**"   ECF 15-3 at 15:3-11 (emphasis added).

# IV. PLAINTIFF FAILED TO TIMELY FILE

## MOTION TO MODIFY THE COURT'S SCHEDULING ORDER

On November 12th, Plaintiff filed a "Motion for Leave to File First Amended Complaint." However the deadline to being such a motion expired on October 27th. In its **Scheduling Order**, the Court had adopted *Plaintiff's* proposed date of October 27, 2014, as the deadline for any party to file a motion to amend its pleadings. See: *Exhibit N* at 81:6-7; and ECF 14.

Defendants did not file their Motion to Dismiss until a couple of weeks after this deadline had expired. (ECF 15 filed on 10-15-14).

Once the October 27th deadline had expired, Plaintiff's motion to amend his pleading is no longer viewed under the expansive prism of Rule 15. In order to be allowed to file such a motion, Plaintiff was required to request that the Scheduling Order be modified, and such a request requires a showing of good cause under Rule 16. Rule 16(b)(3)(A) requires that the "scheduling order must limit the time to ... amend the pleadings ... ." Rule 16(b)(4) mandates that a "schedule may be modified only for good cause and with the judge's consent." SDCA Local Rule 16.1(d)(3) requires that "all requests for continuance of .... motion dates will be granted only for good cause shown."

> Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings. In this case, however, the district court correctly found that it should address the issue under Federal Rule of Civil Procedure 16 because it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [plaintiffs] moved to amend. *Coleman v. Quaker Oats Co.* 232 F.3d 1271, 1294 (9th Cir. 2000).

Rule 16 uses a heightened good cause standard, which focuses on the diligence of the party seeking to amend its pleading.

> Under Rule 16(b), [plaintiffs] must show good cause for not having amended their complaints before the time specified in the scheduling order expired. ... This standard "primarily considers the diligence of the party seeking the amendment." *Coleman v. Quaker Oats Co.* 232 F.3d at 1294 (citations omitted).

In his Motion for Leave to Amend, Plaintiff fails to acknowledge the heightened standard applicable to his untimely request. Plaintiff's MPA focuses solely on Rule 15. Of the ten cases relied upon by Plaintiff, none discuss Rule 16. Curiously, none are ADA-barrier cases, and all are factually inapposite.[1]

Plaintiff's motion is apparently based on the implicit assumption that the deadline set forth in the Scheduling Order does not apply to him, and that he can file a motion for leave to amend without first seeking permission to do so.

Further, Plaintiff's motion applies the wrong standard.

/ / /

---

[1]    In *Aughe v. Shalala,* 885 F. Supp 1428 (W.D. Wash. 1995), the court held that the age-eligibility requirement of an AFDC program was constitutional and unwaivable. In *Crawford v. Gould,* 56 F.3d 1162 (9th Cir. 1995), the judge in a class-action case erroneously made a Veterans Benefits amendment that neither party had requested. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183 (9th Cir. 1987) was a securities-litigation case. *Foman v. Davis,* 371 U.S. 178 (1962) was a probate-litigation case. In *Gabrielson v. Montgomery Ward & Co.,* 785 F.2d 762 (9th Cir. 1986), the court held that a widow's right was derivative of her husband, who had been discharged from employment before his retirement plan matured. *Hurn v. Retirement Fund Trust of the Plumbing, Heating and Piping Industry of So. Cal.,* 648 F.2d. 1252 (9th Cir. 1981) was an ERISA-litigation case. In *Jackson v. Bank of Hawaii,* 902 F.2d 1385 (9th Cir. 1990), borrowers sued their bank based on a RICO claim. In *Jones v. Community Redevelopment Agency,* 733 F.2d 646 (9th Cir. 1984), plaintiff brought a 1983 claim based on alleged racial discrimination. In *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074 (9th Cir. 1989), a band of Indians filed a lawsuit to enforce an ordinance regulating bingo games on the band's reservation.

There also appears to be a time-warp. The case of most recent vintage relied upon by Plaintiff is 1996, *Forsyth v. Humana, Inc.*, 99 F.3d 1504 (9th Cir. 1996). Yet that case was withdrawn by the Ninth Circuit and superceded in *Forsyth v. Humana, Inc.*, 114 F.3d 1467 (9th Cir. 1997) (overruled on other grounds by *Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012)). See *Nino v. United States of America,* 2014 WL 4988472 at *6 (S.D. Cal. 2014).

Plaintiff's brief fails to discuss the **good cause** standard for not having sought to amend his Complaint before the expiration of the deadline set forth in the Scheduling Order, which was Plaintiff's own proposed date. In *Fry v. Aztec Doberman Pinscher Club of San Diego*, 2012 WL 3985987 (S.D. Cal. 2012), Magistrate Judge Bartick denied plaintiff's motion to modify the scheduling order and further issued a report and recommendation denying plaintiff's motion to file a first amended complaint (adopted by District Court Judge Moskowitz on 12-06-12).

> "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609 (citing *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me.1985)). "If that party was not diligent, the inquiry should end." *Fry v. Aztec Doberman Pinscher Club of San Diego*, 2012 WL 3985987 at *5 (citations omitted).

Here, Plaintiff argues in his Rule 15 motion that, as a result of his deposition, "the facts became clarified." ECF 18-1 at 4:13-14. This argument is meritless. At *his* deposition, it was Mr. Turner who was answering questions and providing information. Mr. Turner was not learning from himself at his own deposition. Mr. Turner acknowledged that the dates in his Complaint were wrong because he was treated by Dr. Anand in the Spring of 2013–*not* 2014 as alleged in his Complaint. However, any such "clarification of facts" does *not* provide any further basis upon which to continue to sue the Anands. Further, this merely evidences a lack of diligence by Plaintiff.

Where a plaintiff does not establish reasonable diligence, then there is no showing of good cause. *Agricola Baja Best, S. de R.L. de C.V., v. Harris Moran Seed Co.*, 2013 WL 4499118 at *3 (S.D. Cal. 2013).

As set forth above, at his deposition, Mr. Turner testified that he was only suing because of the parking-space issue. And Mr. Turner testified that such issue had been "fixed."

1  In a breach-of-contract action arising from the sale of counterfeit drugs,
2  the Ninth Circuit Court of Appeals concluded the district court did not abuse
3  its discretion in denying plaintiff's motion for leave to amend, even though
4  plaintiff *had* timely filed a motion for leave to amend and was thus subject to
5  a Rule 15 analysis. *AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465
6  F.3d 946 (9th Cir. 2006). The *AmerisourceBergen* court contrasted that case
7  with another case, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th
8  Cir. 1992), where the party had failed to file his motion before the deadline set
9  forth in the scheduling order. "Put simply, the party [in *Johnson*] could not
10 appeal to the liberal amendment procedures afforded by Rule 15; his tardy
11 motion had to satisfy the more stringent "good cause" showing required under
12 Rule 16." *AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d at 952.
13    A case that is compelling both procedurally and substantively, and which
14 ADA litigation attorneys should be aware of because it is a published ADA
15 barrier case decided by the Ninth Circuit in 2011, is *Oliver v. Ralphs Grocery*
16 *Co.*, 654 F.3d 903 (9th Cir. 2011).
17    In *Oliver v. Ralphs*, District Court Judge Sammartino denied the ADA
18 plaintiff's motion to modify the scheduling order and his motion to amend the
19 complaint to identify additional ADA barriers. Plaintiff Oliver's motions were
20 brought about 17 days after the deadline for filing amended pleadings
21 (similarly, Plaintiff Turner's sole motion for leave to amend was brought about
22 16 days after the deadline). The district court determined that plaintiff Oliver
23 had failed to show good cause to modify the scheduling order.
24    Here, Plaintiff Turner's motion to amend the complaint is similarly
25 focused upon the identification of alleged additional ADA barriers–which Mr.
26 Turner failed to identify both in his complaint *and* at his deposition. Yet here
27 the Anands have taken the extra step of voluntarily having a CASp inspection
28 even for those areas not identified in the Complaint.

1  However, unlike the plaintiff in *Oliver*, Plaintiff Turner has not even tried

2  to show good cause to modify the scheduling order.

3  In *Oliver*, when considering the evidence presented in the parties' cross-

4  motions for summary judgment, the district court declined to consider barriers

5  listed in plaintiff Oliver's expert's report because the plaintiff had not filed an

6  amended complaint by the deadline. The Ninth Circuit held that ADA-plaintiffs

7  are not exempt from the fair notice pleading requirement.

8      ... Oliver argues that the complaint need not give the defendant
       notice of every barrier for which the plaintiff seeks relief, because
9      a disabled plaintiff who has encountered at least one barrier at a
       facility can sue to remove all the barriers at the facility related to
10     his specific disability. See *Doran v. 7–Eleven*, 524 F.3d 1034,
       1047 (9th Cir.2008). But *Doran* does not help Oliver, because it
11     speaks only to constitutional standing; it sheds no light on what a
       plaintiff's complaint must include to comply with the fair notice
12     requirement of Rule 8.   In sum, for purposes of Rule 8, a plaintiff
       **must identify the barriers that constitute the grounds for a**
13     **claim of discrimination under the ADA in the complaint itself**;
       a defendant is not deemed to have fair notice of barriers identified
14     elsewhere. *Oliver v. Ralphs* , 654 F.3d at 909 (emphasis added).

15  Likewise, in *Hernandez v. Polanco Enter., Inc.*, 2013 WL 4520253 (N.D.

16  Cal. 2013), the court rejected an ADA-plaintiff's arguments, stressing that

17  *Oliver* had rejected plaintiff's argument for relief from Rule 8 pleading

18  requirements, explaining that she had relied upon "*Doran*, a case addressing

19  not pleading requirements but constitutional standing requirements for ADA

20  plaintiffs in barrier cases." *Hernandez v. Polanco*, 2013 WL 4520253 at *6.

21  This is a matter of fairness and due process.

22  ## V.  EVEN IF RULE 15 WERE APPLICABLE,

23  ## PLAINTIFF FAILS TO MAKE REQUISITE SHOWING

24  Assuming *arguendo* that Rule 15 were to be applied here, Plaintiff has

25  failed to make the requisite showing of: no prejudice to the opposing party;

26  an absence of bad faith; undue delay; and futility.   Plaintiff's arguments are

27  unavailing.

28  / / /

First, leave to amend *would* prejudice the Anands. The Anands relied upon the Complaint, took the deposition of Mr. Turner (who did *not* identify any additional architectural barriers), remedied the parking lot at an initial cost of $6,624 paid to the paving company, had a CASp inspection performed as to the entire premises, and incurred the additional expense of filing a motion to dismiss.

Second, there is no explanation as to why Mr. Turner has presumably changed his sworn testimony and now, apparently, through his expert and his counsel contends that the Anands' clinic has additional barriers. Mr. Turner did not complain of the items set forth in the ADA-audit prepared by his expert. It is unfair to expect ADA defendants to wait for a plaintiff to add further complaints based upon an expert report as if it were an ever-impending sword of Damocles.

As the Ninth Circuit noted in *Oliver*: "Oliver's counsel later explained that his delays in identifying the barriers at the facility were part of his legal strategy: he purposely 'forces the defense to wait until expert disclosures (or discovery) before revealing a complete list of barriers,' because **otherwise a defendant could remove all the barriers prior to trial and moot the entire case**." *Oliver v. Ralphs*, 654 F.3d at 906, n.7 (emphasis added).

It appears that plaintiff may be trying to transmute initial standing into private attorney-general jurisdiction or a virtual class-action without any of the restrictions and safeguards that are required by rules and jurisprudence regulating PAGA claims and class actions. If plaintiff is thus successful in so transmuting initial standing, then the practical effects will be a proliferation of ADA cases that remain on federal court dockets for needlessly protracted periods of time and will result in the court's policing and micro-managing of ADA matters, thus burdening Court's the limited resources and defendants' resources–particularly where these are small businesses.

1  Third, even where a plaintiff *has* timely filed a motion for leave to amend
2  and is thus subject to a Rule 15 analysis, undue delay is not determined by
3  the scheduling order. Instead, "we also inquire 'whether the moving party
4  knew or should have known the facts and theories raised by the amendment
5  in the original pleading.'" *AmerisourceBergen Corp. v. Dialysist West, Inc.,*
6  465 F.3d at 953 (citation omitted). See also *Haywood v. Bedatsky*, 2006 WL
7  3717391 at *3 (D. Ariz. 2006).

8  Fourth, amending the complaint would be futile. The Anands have
9  already remedied the barriers Mr. Turner identified in his Complaint, and they
10  had a CASp inspection performed both to the parking lot which was the
11  subject of the Complaint *and also* the exterior path of travel, interior spaces,
12  and common areas.

13  After review of the initial CASp report and after consulting with
14  contractors, dates of completion were incorporated into the final CASp
15  inspection report on 09-26-2014, and a CASp Certificate was issued. The
16  property manager has stated under penalty of perjury that the Anands are
17  working toward meeting the completion dates set forth in the CASp inspection
18  report. See ECF 17-2 (Gonzalez Dec.) at ¶¶ 3-8 & 12-13 ECF 15-7 at 34
19  (*Exh. E*) and ECF 17-7 at 42-44, & 46 (*Exh. F & G*).

20  Additionally, the Anands have adopted a policy to maintain the disabled-
21  reserved parking space. See ECF 17-2 (Gonzalez Dec.) at ¶ 14 and ECF 17-
22  7 at 53 (*Exh. J*).

23  The Anands have acted in the utmost good faith, and there is no further
24  injunctive relief that can be ordered.

25  / / /
26  / / /
27  / / /
28  / / /

## VI. PLAINTIFF FAILS TO ESTABLISH REQUISITE INTENT TO RETURN

In the proposed FAC, paragraph 23 states in boilerplate fashion that he would like to return to be treated by Dr. Anand. ECF 20-2 at 4:27-28 & 5:1-3. The only fact stated with precision is the distance between Mr. Turner's home and the Anand's clinic: "1.3 miles" However, distance alone–no matter how mathematically precise–does not establish an intent to return. This is particular cogent here where the chain is stretched through various links. Here, Mr. Turner suffered a physical injury, which required him to consult with a specialist, who in turn, referred him to Dr. Anand. Absent any further physical injury of this nature, it is very unlikely that Mr. Turner would seek treatment from Dr. Anand.

Even in ADA cases, in order to have continued standing to seek injunctive relief, a plaintiff must establish an **intent to return**. The Ninth Circuit Court of Appeals held: "... to establish standing to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, he must demonstrate a 'real and immediate threat of repeated injury' in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 946 (9th Cir. 2011). The Ninth Circuit cautioned that its decision "... does not transform the ADA into an open-ended private attorney general statute ... ." *Chapman v. Pier I,* 631 F.3d at 953.

> Article III, however, requires a sufficient showing of likely injury in the future related to the plaintiff's disability to ensure that injunctive relief will **vindicate the rights of the particular plaintiff** rather than the rights of third parties. *Chapman v. Pier I,* 631 F.3d at 949 (emphasis added).

> Though its purpose is "sweeping," *PGA Tour,* 532 U.S. at 675, 121 S.Ct. 1879, and its mandate "comprehensive," 42 U.S.C. § 12101(b)(1), **the ADA's reach is not unlimited**. Rather, as with other civil rights statutes, to invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by **demonstrating his standing to sue at each stage of the litigation**. *Chapman v. Pier I,* 631 F.3d at 946 (emphasis added).

/ / /

In *Luu v. Ramparts, Inc.*, 926 F. Supp. 2d 1178, 1182-83 (D. Nev. 2013), the court granted defendant-hotel's motion to dismiss under Rule 12(b)(1), holding that the ADA-plaintiff's expressed desire to return lacked concrete plans, thus merely qualifying as "some day" intentions–which are not sufficient to support a finding of imminent injury.

Here, Mr. Turner has not evidenced any intent to make another appointment with Dr. Anand, who was one of three doctors who tried to remedy his hand injury. The boilerplate conclusory allegation in his proposed FAC is devoid of facts. At his deposition, Mr. Turner testified that he consulted with Dr. Anand around the Spring of 2013, as well as with two other doctors, in order to treat an injury to his left hand. ECF 15-3 at 9 -13. Mr. Turner testified he has <u>not</u> sought any further medical assistance for his hand injury: "I figured three doctors were enough." ECF 15-3 at 13:14-16. And Mr. Turner's Declaration filed in Opposition to the Anand's Motion to Dismiss is bereft of any intent to return. See ECF No. 16-1.

In *Johnson v. Overlook at Blue Ravine, LLC*, 2012 WL 2993890 at *4-5 (E.D. Cal. 2012), the court found that the ADA-plaintiff lacked standing because he failed to prove he was likely to return to the apartment complex and thus failed to show a real and immediate threat of repeated future injury. Based on the ADA-plaintiff's lack of standing, the court dismissed for lack of jurisdiction and denied the defendant's summary-judgment motion as moot.

In *Feezor v. Sears, Roebuck and Co.*, 2012 WL 4510950 at *6-7 (E.D. Cal. 2012), the court concluded that the ADA-plaintiff lacked standing because his "conclusory and self-serving assertion" of his desire to return to the store lacked a factual basis. "Numerous courts recognize that standing does not exist where plaintiff offers a tenuous, conjectural and self-serving assertion of intent to return to an establishment." *Feezor v. Sears*, 2012 WL 4510950 at *6.

1    Mr. Turner has failed to meet the continued burden of establishing

2    standing.   See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

3        The U.S. Supreme Court explained that standing ensures that courts'

4    "scarce resources ... are devoted to those disputes in which the parties have

5    a concrete stake," noting that "courts should use caution to avoid carrying

6    forward a moot case solely to vindicate a plaintiff's interest in recovering

7    attorneys' fees." *Friends of the Earth v. Laidlaw,* 528 U.S. at 1415, n.5.

8                              **VII.  CONCLUSION**

9        The Anands respectfully request that the Court deny Plaintiff's Motion

10   for Leave to File A First Amended Complaint.

11                              HORTON, KNOX, CARTER & FOOTE, LLP

12   Dated: December 1, 2014        s/Margarita Haugaard
                                    Orlando B. Foote
13                                   Margarita Haugaard
                                     Attorneys for Defendants
14                                    Veerinder S. Anand, Sandhya Anand, and
                                      VEERINDER S. ANAND, M.D., INC.
15

16

17

18

19

20

21

22

23

24

25

26

27

28