Center for Disability Access
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq. SBN 171771
Christopher Seabock, Esq., SBN 279640
<u>Mail</u>: PO Box 262490
    San Diego, CA 92196-2490
<u>Delivery</u>: 9845 Erma Road, Suite 300
    San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg @ potterhandy.com
    Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **William Lawrence Turner**, <br><br> Plaintiff, <br><br> v. <br><br> **Veerinder S. Anand;** <br>**Sandhya Anand;** <br>**Veerinder S. Anand, M.D., Inc.,** a California Corporation, <br><br> Defendants. | **Case:** 14-cv-1147-BAS-PCL <br><br> **Plaintiff's Reply Brief in Support of Leave to File First Amended Complaint** <br><br> Date: December 15, 2014 <br> Time: N/A <br> Ctrm: 4B <br><br> Hon. Judge Cynthia A. Bashant <br><br> **NO ORAL ARGUMENT UNLESS REQUESTED BY COURT** |

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................i

TABLE OF AUTHORITIES............................................................................ii

I. SCHEDULING ORDER DEADLINE ........................................1

II. THE DEFENSE HAS NOT PROVIDED A SUFFICIENT REASON FOR DENIAL OF THE MOTION ........................1

   A. No Undue Delay ...............................................................2

   B. No Bad Faith .....................................................................2

   C. No Prejudice .....................................................................2

   D. No Futility of Amendment ...............................................3

III. STANDING....................................................................................4

IV. CONCLUSION ..............................................................................5

# TABLE OF AUTHORITIES

**Cases**

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
 631 F.3d 939 (9th Cir. 2011) ............................................................................5

*D'Lil v. Best Western Encina Lodge & Suites*,
 538 F.3d 1031 (9th Cir. 2008) ..........................................................................4

*Doran v. 7-11*,
 506 F.3d 1191 (9th Cir. 2007) ..........................................................................2

*Doran v. 7-Eleven, Inc.*,
 524 F.3d 1034 (9th Cir. 2008) ..........................................................................4

*Forsyth v. Humana, Inc.*,
 99 F.3d 1504 (9th Cir. 1996) ............................................................................1

*Kohler v. CJP, Ltd.*,
 818 F. Supp. 2d 1169 (C.D. Cal. 2011) .............................................................5

*Professional Programs Group v. Department of Commerce*,
 29 F.3d 1349 (9th Cir.1994) .............................................................................1

*Wilson v. Pier 1 Imports (US), Inc.*,
 439 F.Supp.2d 1054 (E.D. Cal. 2006) ...............................................................2

# I. SCHEDULING ORDER DEADLINE

The defense properly notes that the deadline set in the Court's Scheduling Order for amending the pleadings has passed. Plaintiff's counsel did not notice this fact when filing the motion. However, as outlined in the moving papers, this case is in its earliest stages and the Ninth Circuit has been explicit that a party has a right to file an amended pleading when the case is in its earliest stages, there has been no previous amendment, and no prejudice is suffered by the opposing party. Plaintiff's counsel intended no disrespect to the Court by his failure to note that the early deadline had passed.

Nonetheless, the plaintiff respectfully requests this Court exercise its broad discretion to excuse technical non-compliance with the dates in the scheduling order. A district judge, of course, has "broad discretion," to depart not only from its own scheduling orders but, even, the Local Rules which are not statutes, "where it makes sense to do so and substantial rights are not at stake." *Professional Programs Group v. Department of Commerce,* 29 F.3d 1349, 1353 (9th Cir.1994).

# II. THE DEFENSE HAS NOT PROVIDED A SUFFICIENT REASON FOR DENIAL OF THE MOTION

The plaintiff noted in his moving papers that permission to amend a complaint should be "freely given" where there is an absence of: "(1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." *Forsyth v. Humana, Inc.*, 99 F.3d 1504, 1518 (9th Cir. 1996). In its opposition, the defense does not establish that any of these elements exist.

1

Reply for Motion to file FAC **Case:** 14-cv-1147-BAS-PCL

### A. No Undue Delay

As stated in the moving papers, "[t]his motion is being filed within three weeks of the plaintiff's expert site inspection . . .." Plaintiff's PNA, p. 1, lines 18-19. The plaintiff has not engaged in undue delay.

### B. No Bad Faith

The defense never makes any argument that plaintiff is involved in bad faith by seeking this amendment.

### C. No Prejudice

The defense argues that it would be prejudiced because the defendants took the deposition of Mr. Turner, had a site inspection by a CASp, remedied the parking lot and filed a motion to dismiss. See Defense Brief, p. 13, lines 1-6. But this is not legal prejudice. Mr. Turner's deposition is still entirely valid and complete. He testified thoroughly about his experience at the defendants' property. There are no new visits. There are no new facts regarding his visit. Instead, the plaintiff has learned through expert site inspection that there are still existing violations that he is entitled to see removed before he returns. The exploration of those additional violations will come through discovery and the deposition of the expert. Plaintiff did not encounter the newly identified barriers. But there is nothing inappropriate about that. Where a plaintiff has encountered a single barrier at a facility, he then can "permissibly challenge all barriers in that public accommodation that are related to his or her specific disability." *Doran v. 7-11*, 506 F.3d 1191, 1202 (9th Cir. 2007). The plaintiff does not have to have actually encountered these barriers. *Wilson v. Pier 1 Imports (US), Inc.*, 439 F.Supp.2d 1054, 1063 (E.D. Cal. 2006) ("Nothing in the ADA requires

1  plaintiff to have personally encountered all barriers in order to seek an
2  injunction to remove those barriers.").

3  Additionally, the fact that the defendants hired a CASp and made
4  upgrades to the parking lot to make it more accessible is not legal
5  prejudice. It is something that the law requires and something that is a
6  necessary step toward resolution of the case. Moreover, this was a
7  decision made by the defense without any input or oversight by the
8  plaintiff. The defense did not bother to inform the plaintiff that they were
9  contemplating making changes or to seek guidance or counsel about the
10 required changes. The defense did these changes without notice
11 (technically spoiling evidence) and in an attempt to moot the case. The
12 fact that violations still exist and plaintiff seeks to identify them in an
13 amended complaint does not amount to legal prejudice.

### D.   No Futility of Amendment

The defense argues that an amendment would be futile because they have "already remedied the barriers Mr. Turner identified in his Complaint and they had a CASp inspection performed both to the parking lot which was the subject of the Complaint and also the exterior path of travel, interior spaces, and common areas." See Defense Brief, p. 14, lines 8-12. The defense claims that everything is fixed and there "is no further injunctive relief that can be ordered." Defense Brief, p. 14, lines 23-24. This is a combination of naked argument and requires the Court to engage in an evidentiary determination. This is not the "futility" that is contemplated by the courts. The plaintiff's First Amended Complaint alleges that the property is not fixed that barriers remain. The first amended complaint is not futile.

### III. STANDING

The defense also argues that the First Amended Complaint fails to allege facts that would provide standing, i.e., an intent to return. See Defense Brief, p. 15, line 1. But the First Amended Complaint does allege sufficient facts. It alleges that the plaintiff has already patronized the defense business once and, additionally, that he would like to return but is deterred by the barriers: "The plaintiff lives only 1.3 miles from the Doctors Office. It is very close and, therefore, advantageous to him. The plaintiff would like to be able to return and patronize the services of this Doctors Office but is deterred from doing so due to his previous experiences and his knowledge of the additional barriers." FAC ¶ 23. This is a sufficient allegation to establish standing at the pleading state.

"Allegations that a plaintiff has visited a public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers establish that a plaintiff's injury is actual or imminent." *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034, 1041 (9th Cir. 2008). "We have found actual or imminent injury sufficient to establish standing where a plaintiff demonstrates an intent to return to the geographic area where the accommodation is located and a desire to visit the accommodation if it were made accessible." *D'Lil v. Best Western Encina Lodge & Suites,* 538 F.3d 1031, 1037 (9th Cir. 2008). "Demonstrating an intent to return to a noncompliant accommodation is but one way for an injured plaintiff to establish Article III standing to pursue injunctive relief. A disabled individual also suffers a cognizable injury if he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 949

(9th Cir. 2011); see also *Kohler v. CJP, Ltd.*, 818 F. Supp. 2d 1169, 1173-74 (C.D. Cal. 2011).

### IV. CONCLUSION

The plaintiff respectfully requests this Court grant his motion.

Dated: December 8, 2014    CENTER FOR DISABILITY ACCESS

/s/ Mark Potter

By:‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

Mark Potter, Esq.
Attorneys for Plaintiff